IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-07-232 |
| | § | C.A. No. C-09-66 |
| RAMIRO RODRIGUEZ-VALDEZ | § | |
|     Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER
DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE, AND
<u>ORDER DENYING CERTIFICATE OF APPEALABILITY</u>**

Pending before the Court is Defendant Ramiro Rodriguez-Valdez's ("Rodriguez-Valdez") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which is deemed filed as of March 23, 2009.[1]  (D.E. 39).[2]  The Court ordered the United States to respond and the United States filed a joint response and motion to dismiss on June 2, 2009.  (D.E. 42, 43.)  On June 22, 2009, Rodriguez-Valdez filed a reply, which the Corut has also considered.  (D.E. 44.)  As discussed in more detail herein, the Court DENIES Rodriguez-Valdez's motion because it is time-barred.  Additionally, the Court DENIES

---

[1] The Clerk received Rodriguez-Valdez's motion on April 1, 2009.  The motion indicates, however, that it was signed and delivered to prison authorities for filing on March 23, 2009. (D.E. 39 at 13.)  It is thus deemed filed as of the earlier date.  <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988) (a document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for mailing, postage pre-paid).  See also <u>United States v. Young</u>, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of <u>Houston v. Lack</u> to *pro se* prisoner in § 2255 proceedings); Rule 3(d), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (§ 2255 motion is deemed timely if inmate deposits it in the institution's internal mailing system on or before the last day for filing).

[2] Docket entries refer to the criminal case, C-07-cr-232.

1

Rodriguez-Valdez a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. FACTS AND PROCEEDINGS

On April 25, 2007, Rodriguez-Valdez was charged in a one-count indictment with illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (D.E. 7). He pleaded guilty to the indictment against him, and was subsequently sentenced by this Court to 72 months in the custody of the Bureau of Prisons, to be followed by a three-year supervised release term. (D.E. 14, 24, 25.) The Court also imposed a $100 special assessment. (D.E. 24, 25.) Judgment in his criminal case was entered on August 8, 2007. (D.E. 25.)

Rodriguez-Valdez timely appealed, and the Fifth Circuit affirmed in a per curiam opinion issued December 5, 2007. (D.E. 36, 37.) Rodriguez-Valdez subsequently filed a petition for writ of certiorari, which was denied on March 3, 2008. (D.E. 38.) Rodriguez-Valdez was represented throughout his criminal case by the Office of the Federal Public Defender.

On March 23, 2009, more than a year after his conviction became final, Rodriguez-Valdez filed the instant § 2255 motion. (See supra at note 1.) In it, Rodriguez-Valdez lists three grounds for relief, although all rely on the Fifth Circuit's decision in United States v. Gonzales, 484 F.3d 714 (5th Cir. 2008), which was decided after his conviction became final. First, he argues that the this Court misapplied the sentencing guidelines when it enhanced his offense level based on his prior drug trafficking offenses. He argues that, pursuant to

2

Gonzales, his prior drug offenses did not qualify for the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1).

In his second claim for relief, he argues that his sentencing counsel was deficient for failing to "research the law and facts" and for failing to challenge the use of his prior drug offenses on the grounds set forth in Gonzales. He acknowledges, however, that Fifth Circuit case law was not clear on this issue until Gonzales was decided, which was after his sentencing. (D.E. 39 at 6.)

In his third and final ground for relief, Rodriguez-Valdez contends that his appellate counsel was constitutionally ineffective for failing to raise a claim based on Gonzales to correct the "plain error" resulting from the enhancement. (D.E. 39 at 7.) Earlier in his motion, he claims that his appellate counsel should have filed a motion to recall the mandate after Gonzales was decided. (See D.E. 39 at 5.)

Rodriguez-Valdez also addresses the timeliness of his motion. Specifically, he argues that his motion should be deemed timely because, if "Sundays and federal holidays" are excluded from the one-year calculation, it was filed within one year of his conviction becoming final. (D.E. 39 at 12.)

### III. DISCUSSION

**A.   Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[3] 28 U.S.C. § 2255(f). The Fifth

---

[3] The statute provides that the limitations period shall run from the latest of:
   (1) the date on which the judgment of conviction becomes final;

3

Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

As noted, the Supreme Court denied Rodriguez-Valdez's petition for writ of certiorari on March 3, 2008. His conviction therefore became final on that date. He had one year from that date to file his § 2255 motion. Rodriguez-Valdez's § 2255 motion is deemed filed as of March 23, 2009. Thus, his motion was filed several weeks late and is untimely.

Rodriguez-Valdez argues that his motion should be deemed timely because it was filed within one year, excluding "Sundays and federal holidays." (D.E. 39 at 12.) He reiterates the same arguments in his reply. (See generally, D.E. 44.) The provisions of the federal rules that he cites to exclude weekends and holidays only when computing the deadlines for much shorter time periods. See, e.g., Fed. R. Civ. P. 6(a)(2) (when computing a period under the rules, Saturdays, Sundays and legal holidays should be excluded *when the period is less than 11 days*); Fed. R. Crim. P. 45(a) (same).[4] The one-year statute of

---

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[4] Additionally, if the last day to do an act falls on a Saturday, Sunday, or a legal holiday, then the period runs until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(3).

limitations in Section 2255 is obviously longer than 11 days, and thus does not contain an exclusion for Saturdays, Sundays and holidays. Rodriguez-Valdez is simply incorrect as to the law on this issue. His motion is not timely.

Nowhere in his motion does Rodriguez-Valdez seek tolling or offer any explanation as to why his motion is untimely. Additionally, neither his motion nor the record in this case provides any facts that would support the doctrine's application. While the limitations period for § 2255 motions is not considered a jurisdictional bar, it is subject to equitable tolling "only 'in rare and exceptional cases.'" United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002), cert. denied, 123 S. Ct. 2630 (2003) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Moreover, ignorance of filing deadlines or the way they are calculated is insufficient to entitle a party to equitable tolling. See Felder v. Johnson, 204 F.3d 168, 171-172 (5th Cir. 2000) (collecting authority for the proposition that a pro se petitioner's ignorance of the law or ignorance of AEDPA's filing deadlines does not justify equitable tolling). In short, Rodriguez-Valdez's motion does not offer any basis at all for tolling, let alone establish that his is the rare or exceptional case where such equitable tolling is required.

Accordingly, the Court concludes that Rodriguez-Valdez's failure to file his § 2255 motion within the one-year limitations period requires that the motion be dismissed with prejudice as time-barred.

**B.   Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Rodriguez-Valdez has not yet filed a notice of appeal, this

Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").[5]

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Rodriguez-Valdez has stated a valid claim for relief, because he cannot establish the

---

[5] As of December 1, 2009, absent contrary Congressional action, amended Rule 11(a) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS will become effective. This rule will require a district court to issue or deny a COA at the time the court enters a final order adverse to the movant. Although amended Rule 11(a) is not yet effective, the practice it requires is a sound one that the Court employs now. Nothing in the current version of the § 2255 rules prohibits the Court from addressing a COA prior to a notice of appeal being filed.

second <u>Slack</u> criterion. That is, reasonable jurists could not disagree that his motion is time-barred. Accordingly, Rodriguez-Valdez is not entitled to a COA.

## IV. CONCLUSION

For the above-stated reasons, Rodriguez-Valdez's motion under 28 U.S.C. § 2255 (D.E. 39) is DENIED. The Court also DENIES Rodriguez-Valdez a Certificate of Appealabilty.

It is so ORDERED this 7th day of August, 2009.

*[signature: Hayden Head]*
HAYDEN HEAD
CHIEF JUDGE